## BOYD-SCOTT CO., INC.
vs.
## GEORGE J. WEISMAN

Court of Common Pleas     Fairfield County     File #36526

Present:   Hon. SAMUEL MELLITZ, Judge.

Keogh & Candee,             Attorneys for the Plaintiff.

Julius W. Frankel,          Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 29, 1937.

MELLITZ, J. The plaintiff seeks to recover an amount alleged to be due under a contract for advertising claimed to have been entered into by defendant acting through an agent.

The evidence negatives the existence of any express authority on the part of the agent to enter into the contract, and the question presented is whether the agent had implied or apparent authority to bind the defendant.

It is conceded that the agent Frankel was employed as manager of the defendant's store. So far the evidence discloses, however, his actual authority as manager was very limited in scope, and consisted of responsibility for selling the merchandise in the store and making purchases to a very limited extent. He was not a general manager or general agent, and it cannot be said that in the conduct of a business such as the defendant's it was necessary or usual for the manager to enter into contracts of advertising and it is therefore found that he had no implied authority to enter into a contract in the defendant's behalf.

2 C. J. S. 1229.

The plaintiff's representative visited the defendant's store in Norwalk and succeeded in convincing the manager that the plaintiff's advertising material was desirable for use in the defendant's business. The manager thereupon attached his

signature as manager to a contract, and noted thereon also the defendant's name as owner and the defendant's address. Without more, the plaintiff treated the authority of the manager as ample, transmitted the advertising material to the defendant's store, and now seeks to hold the defendant to the contract. The defendant refused to accept the material, has paid nothing on account, and has never recognized the contract as binding upon him.

The plaintiff and its representative were at all times aware of the fact that the defendant was the owner of the business, and although the plaintiff was possessed of the defendant's name and address, it did nothing to ascertain whether Frankel had authority to enter into a contract for the defendant.

It was the duty of the plaintiff and its representative to exercise good faith and reasonable prudence. If by doing so the plaintiff would have discovered the true extent of the manager's authority, it is not entitled to assert a claim based on a claimed apparent authority in the manager.

2 C. J. S. 1218.

To be warranted in claiming that it relied on the apparent authority of the agent, it was incumbent upon the plaintiff to show that when it dealt with the agent, it had reason to believe that, based upon the facts then known to it, the agent possessed the necessary authority. No such situation has been shown.

Quint vs. O'Connell, 89 Conn., 353, 357.

Frankel's testimony that he informed plaintiff's representative of the necessity of obtaining defendant's approval to the contract, is supported by the notation made by him on the contract form of the defendant's name as owner and his address, and the testimony of the witness Kronenberg that he gave the plaintiff's representative instructions as to how to get to the defendant's address in Bridgeport. There seems to be no plausible reason for Frankel noting the defendant's name and address on the contract form unless it was for the purpose of having the plaintiff's representative obtain the defendant's approval. In the deposition of plaintiff's representative Lipe, he attempts to explain the reason for the notation but he very obviously gives no explanation. Furthermore, unless Lipe was to see the defendant in connection with the contract, there is no reason for him to have inquired of the

witness Kronenberg for directions as to how to get to the defendant's address in Bridgeport. Kronenberg's testimony was uncontradicted and there is nothing to indicate that it is not deserving of credence.

The only conclusion which seems to be warranted by the evidence is that Frankel affixed his signature to the contract form with the understanding that Mr. Lipe was to see the defendant and obtain the defendant's confirmation before going ahead with the contract. The defendant's approval was not obtained and there is no justification for holding the defendant liable on the theory that Frankel had either apparent or implied authority to bind the defendant.

Judgment may enter for the defendant to recover costs.